UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXPRESS MOBILE, INC., <br>     Plaintiff, <br> v. <br> EBAY INC, <br>     Defendant. | Case No. 21-cv-06656-RS <br><br> **ORDER RE STATUS** |

This is one of two cases transferred to this district after orders issued regarding the coordination of claims construction proceedings and other procedural matters in numerous other cases brought by plaintiff Express Mobile, Inc. that allege infringement of the so-called "RCB" patents and/or the "Rempel" patents. Because this particular case does not involve the RCB patents, the parties agree no coordination is necessary with respect to the upcoming claim construction of those patents in the other cases, presently set for December 8, 2021.

Defendant EBay, Inc. contends that because a stay is in effect with respect to the Rempel patents in the other cases as a result of proceedings in the PTO, this action should be stayed until the stay is lifted in those cases. Express Mobile points out that the stay in the other cases applied only to any remaining deadlines relating to claim construction under Patent Local Rule 4, and was expressly held not to relieve the parties from any deadlines relating to disclosures under Patent Local Rule 3.

In this case, it appears the parties agree that, because there has been no initial Case

Management Conference, the deadlines for Rule 3 disclosures have not yet begun to run.[1] Express Mobile urges that such a conference be set, so that discovery may begin, even assuming claims construction proceedings remain stayed. As noted, Ebay believes this case should be stayed completely, and therefore argues no Case Management Conference should be held until the Rempel stay is dissolved in the other cases.

The first Rempel stay issued *in X.Commerce, Inc. d/b/a Magento, Inc. v. Express Mobile, Inc.*, Case No. 3:17-cv-2605-RS, and is subject to a status review on November 30, 2021. An initial Case Management Conference in this action will be set for December 16, 2021, with the understanding that it may or may not be rescheduled in light of the information that emerges and the conclusions that are reached when reviewing the stay in *X.Commerce.*

**IT IS SO ORDERED**.

Dated: October 28, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] While various scheduling stipulations and orders were filed in the Western District of Texas prior to transfer, the parties do not contend Rule 3 disclosure obligations have been satisfied or that the time to do so is presently running.